*DAVISON* vs. *CHABRES' HEIRS.*

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. The petitioner states that she is widow of one Dominique Davison, who, on the 18th June, 1811, purchased, from the ancestor of the defendants, a slave called Adelaide, with her three children. That at the death of her husband, in the year 1814, she purchased the said slaves with their increase, and by the conditions of said sale, she became subrogated in the right

If the vendor be not subrogated to his vendor's right of warranty, he cannot resort to the warrantors of the latter.

DAVISON
*vs.*
CHARBRE'S
HEIRS.

of warranty stipulated by Chabres in favor of her deceased husband.

She further states that she continued in possession of said slaves, and was at great trouble and expence in maintaining them and their increase, and that she has been evicted from the possession of them by a decree of the supreme court, and that in addition to the loss of the slaves, which were worth $4000, she expended $1000 in defending the suit.

That Chabres the vendor to her husband, has departed this life, leaving as heirs, Carmelite Chabres, the wife of L. Hazleton, and F. Chabres; that they have taken possession of his estate, and have done various acts as pure and simple heirs of their ancestor. That they have also accepted the succession of their mother, who was, at the time the warranty was stipulated in the sale to the petitioner's husband, in community with the ancestor of the defendants. And that by reason of all these things, the defendants have become liable to pay to the plaintiff, the sum aforesaid, more particularly, as they have had notice of the suit by which she was evicted, but failed or refused to defend it.

By the first answer filed, the defendant pleaded.

1. The general issue.

2. That they are not the immediate warrantors of the plaintiff.

3. That they had not notice of the suit. That if they had, they had a good defence to make to it.

4. That they are not responsible *in solido*, but if at all, only for their virile share.

5. That Francis Chabres, one of the defendants, was a minor when his father and mother died, and cannot be answerable for more than one fourth of his father and mother's estate.

And lastly—That they were both minors when their father died; that his estate was worth nothing, and that they cannot be made responsible out of their own property.

In the first amended answer, they further pleaded:—

That if the negroes sued for and recovered from the petitioner, ever were in possession of Case, the plaintiff in that cause, they were his property, and not his wife's; that the petitioner lost them through her own negligence, and failed to notify the respondents, and call them in warranty. That if they were sold as the property of Case, it was for a debt contracted during the marriage with his wife, for which she

Western Dis.
Oct. 1827.

DAVISON
vs.
CHABRES'
HEIRS.

Western Dis. was responsible, and that she was otherwise
October.1827.
stopped from claiming the negroes from the
DAVISON
vs.          present plaintiff. That the negroes sold by the
CHARBRES'
HEIRS:      ancestor of the defendants were purchased at
Sheriff's sale, as the property of D. Case, at the
suit of Wm. Montgomery of New-Orleans, and
that they are bound in warranty to him.

This answer concludes with a prayer that
the representative of Case & Montgomery may
be cited in warranty.

The second amended answer only repeats
certain averments contained in the first.

The third, averred that the plaintiff had a
perfect title to the slave from which she was
evicted by prescription, but she failed to shew
that David Case was the original debtor of
Montgomery, and was equally bound with his
wife for the payment of the mortgage under
which said slaves were sold.

That if the respondents are at all bound in
warranty, they are only bound for one half so
much of the price paid, as the probable length
time which the slaves have yet to live, may be
assessed to be worth.

The curator of Case pleaded that the district
court had no jurisdiction of the case, that all
claims against the estate, he represents, must

Western Dis.
October, 1827.

DAVISON
vs.
CHARERE's
HEIRS.

be brought in the Court of Probates.— Montgomery, who was also cited in warranty, answered, by denying all the allegations in the answer of the defendants; and that he is not responsible in warranty.

Evidence in support of the allegations contained in their pleadings was introduced by the parties, and the court below gave judgment of non-suit, on the ground that the defendants were not the immediate warrantors of the plaintiff, and could not in the first instance, maintain an action against them.

The general rule certainly is, that the vendee, in an ordinary contract of sale, who has not taken an express subrogation of his vendor's right of warranty on the person from whom he bought, cannot, in case of eviction, maintain an action against the first seller. The only difficulty we have had in coming to a conclusion in this case, is, whether it did not present an exception to the rule. It has occurred to us that the wife being in community with her husband, at the time the sale was made to him, the warranty for one half at least, of the property extended to her as partner, and that the circumstance of her having bought the whole of t at the probate sale of the community effects.

322

DAVISON
vs.
CHARBRE'S
HEIRS.

would not destroy that right; or, in other words, that she would be at liberty to refer back to her original right, as vendee, of the ancestor of the defendants. We are not, however, to be understood to express a positive opinion on this point. It is not free of difficulty, and the facts, as proved in evidence, do not require of us an opinion in relation to it.

It appears that the sale to the plaintiff's husband was during their marriage, and it is a presumption of law that the effects found in the possession of husband and wife, at its dissolution, are common property. But in the instance before us, that presumption, if not destroyed, is greatly weakened by the title introduced by the plaintiff herself, from which it appears, that the slaves were bought by her, not at the sale of the property held in community, but of the succession of the husband. The answer of the plaintiff, when sued by the person by whom she was evicted, contained the same averment. This leaves the case doubtful; and as the duty of making it clear, devolved on the plaintiff, we are not authorised to reverse the judgment of the court below.

It is therefore, ordered, adjudged, and decreed that it be affirmed with costs.

*Thomas* for the plaintiff, *Boyce & John-* WesternDis.
*ston* for the defendant.
October, 18 27